IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW SMIGELSKI,**

        **Plaintiff,**

   v.

**AMAZON.COM INC, et al.,**

        **Defendants.**

Case No. 2:25-cv-1342
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## ORDER AND SHOW CAUSE ORDER

This matter is before the Court on several motions including Plaintiff Andrew Smigelski's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), two Motions by a Pro Se Litigant to Obtain Electronic Filing Rights (Docs. 2, 3), and a Motion for Immediate Preservation of Evidence (Doc. 4). The Court consider each, but ultimately requires action from Plaintiff.

**I.**    **Motion for Leave to Proceed *In Forma Pauperis***

Beginning with his Motion for Leave to Proceed *in forma pauperis*, the Court **GRANTS** Plaintiff's Motion (Doc 1). All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a).

Generally, the next in the process would be an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). However, the allegations in Plaintiff's Complaint are fanciful to say the least. Specifically, Plaintiff claims that based on alleged irregularities with his Amazon packages, Amazon.com, Inc. ("Amazon") and Amazon's CEO Andy Jassy are engaged in a conspiratorial surveillance scheme against him. (Doc. 1-1 (alleging Plaintiff received "counterfeit boxes" from Amazon) (asserting claims under the First and Fourth Amendments to the United States Constitution; the electronic Communications Privacy Act; and various state laws)). Plaintiff appears to connect this irregularity to an unrelated Freedom of Information Act request he filed with the Federal Bureau

of Investigation.  (*Id.* (alleging federal agents have infiltrated Amazon's supply chain)).  At first blush, these allegations appear totally implausible and frivolous.  And the Sixth Circuit is clear that courts are empowered to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citation omitted).

Additionally, Plaintiff's Complaint alleges 42 U.S.C. § 1983 against both Amazon and Jassy.  To maintain an action under Section 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of a right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986).  It is unclear how either Amazon, a corporation, or Jassy, a private individual, could act under the color of state law as alleged.

All that said, Plaintiff is **ORDERED** to **SHOW CAUSE within ten (10) days** why his Complaint should not be dismissed as totally implausible and frivolous under *Apple*.  Additionally, Plaintiff is **ORDERED** to **SHOW CAUSE** by that same date why his claims alleging Section 1983 liability against Defendants should not be dismissed for failure to state a claim.

## II.     Motions for Electronic Filing

Next, Plaintiff filed two motions related to electronic filing by a *pro se* plaintiff.  (Docs. 2, 3).  The "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court."  *Needham v. Butler Cty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019).  The Court **GRANTS** the Motions.  However, Plaintiff is **WARNED** that the Court may revoke this permission at any time should Plaintiff not conform filings to the

Federal and Local Rules. Plaintiff may register for e-filing through PACER: https://www.ohsd.uscourts.gov/sites/ohsd/files//E-File%20Registration%20-%20Pro%20Se.pdf.

### III. Motion for Preservation of Evidence

Finally, Plaintiff filed a Motion for the Immediate Preservation of Evidence. (Doc. 4). In it, he asks the Court "for [an] immediate order preserving all evidence of mail surveillance, package tampering, and database manipulation." (*Id.*). Generally, "preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information, including ESI[.]'" *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)). Courts issue them in very limited circumstances only. *Id.* This Court has noted that "preservation orders 'must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion.'" *Id.* (citing *John B.*, 531 F.3d at 459).

Here, Plaintiff has not demonstrated that there is a real danger of evidence destruction beyond his conclusory suspicions. (Doc. 4 (repeating allegations found in the Complaint concerning "manual database manipulation")). Nor has Plaintiff addressed any of the other considerations. In other words, Defendants' general duty under the Federal Rules and related caselaw to preserve relevant information should suffice here. Accordingly, Plaintiff's request (Doc. 4) is **DENIED without prejudice**.

IT IS SO ORDERED.

Date: December 4, 2025          /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE