

RECEIVED
NOV 19 2025
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

# EASTERN DIVISION

ANDREW MARK SMIGELSKI,

    Plaintiff,

v.

AMAZON.COM, INC.,
ANDY JASSY, individually,
JOHN DOES 1-10, individually,

    Defendants.

Case No. **2:25 CV 1342**

**JUDGE MORRISON**

**MAGISTRATE JUDGE JOLSON**

***COMPLAINT***

(*42 U.S.C. § 1983*)

*(Jury Demand)*

# INTRODUCTION

1. This action arises from systematic warrantless surveillance of Plaintiff's Amazon packages, facilitated by Amazon's voluntary cooperation with federal agents, resulting in violations of Plaintiff's Fourth and First Amendment rights, invasion of privacy, and multiple state and federal statutory violations.

**I. Jurisdictional Basis & Parties**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims.

3. Defendant Amazon.com, Inc. is a Delaware corporation with principal place of business in Seattle, Washington, operating the world's largest e-commerce platform. Defendant Andy Jassy is CEO of Amazon and individually liable for ratifying unconstitutional surveillance through deliberate silence after direct notification. Defendants John Does 1-10 are FBI agents or federal contractors responsible for infiltrating Amazon's supply chain and conducting surveillance operations against Plaintiff.

**II. Core Allegations**

4. On September 17, 2024, Plaintiff filed a Freedom of Information Act (FOIA) request with the FBI seeking records related to surveillance operations. Within days, Plaintiff began receiving Amazon packages showing systematic tampering: **counterfeit boxes using non-standard materials with stamped logos instead of**

**printed designs; boxes taped with off-brand transparent tape rather than Amazon's standard branded tape; packages opened, inspected, resealed with visible evidence of tampering; and delivery timing patterns suggesting interception and delayed redelivery.**

**5.** The pattern appeared immediately after the FOIA request and continued systematically through multiple escalations to Amazon, including direct notification to CEO Andy Jassy on October 29, 2024. Despite seven levels of escalation, Amazon never investigated, never stopped the infiltration, and CEO Jassy never responded—demonstrating corporate policy of cooperation with federal surveillance over customer privacy.

**6.** On October 23, 2024, Amazon customer service explicitly admitted: *"I see that your package has been flagged for re-opening, examining, and re-sealing."* This admission confirms: (a) Amazon's system actively flags specific customer accounts; (b) Amazon employees physically open sealed packages; (c) Amazon reseals packages after inspection; and (d) this process is systematic, not isolated.

### III. Amazon's Seven-Level Obstruction

*Level 1: Initial Contact (October 17)*

**7.** Plaintiff reported counterfeit packaging to Amazon customer service. The representative promised investigation, contacted a "specialized team," and created case reference #9200190279541002216978. After the call, nothing happened—no investigation, no follow-up, no resolution. The specialized team never materialized.

### *Level 2: Escalation (October 18)*

**8.** When nothing changed, Plaintiff escalated to a supervisor who again promised investigation by a "dedicated team" and assured action within 24-48 hours. Again, no action followed—only broken promises designed to pacify the customer while continuing the surveillance.

### *Level 3: The Admission (October 23)*

**9.** On the third escalation, a representative inadvertently revealed the truth: *"I see that your package has been flagged for re-opening, examining, and re-sealing."* This admission confirmed Amazon's active participation: the system flags accounts, employees open packages, contents are inspected, and packages are resealed.

**10.** The representative then attempted damage control, claiming this was "normal quality assurance" and offering $5 credit as compensation—treating systematic Fourth Amendment violations as a customer service inconvenience.

### *Level 4: Email to Amazon Security*

**11.** Plaintiff emailed Amazon's security team detailing the counterfeit packaging, suspicious timing after FOIA request, and systematic pattern across multiple orders. Amazon Security responded with generic acknowledgment but never investigated infiltration of their supply chain, never addressed the counterfeit boxes, never explained the timing correlation with FOIA request.

**12.** Security's response demonstrated selective engagement: addressing only aspects that had innocent explanations (like normal delivery variations) while

completely ignoring evidence of infiltration (counterfeit packaging materials, timing patterns, repeated instances across multiple orders).

### *Level 5: Trust and Safety Team*

13. Plaintiff escalated to Amazon's Trust and Safety Team, which supposedly handles security threats and fraud. Despite detailed evidence of supply chain infiltration, the team never responded with substantive investigation. Their silence was calculated: acknowledging infiltration would create liability, so they chose silence instead.

### *Level 6: Direct Contact with CEO Andy Jassy*

14. On October 29, 2024, Plaintiff emailed CEO Andy Jassy at his publicly available email address ([email protected]). The email carried subject line: *"FBI Infiltration of Amazon Supply Chain - Counterfeit Packaging & Systematic Package Tampering - Requires Immediate CEO Attention."*

15. The email detailed: counterfeit Amazon boxes with stamped logos instead of printed designs; non-standard tape replacing Amazon's branded tape; timing correlation with Plaintiff's FOIA request to FBI; Amazon customer service admission of "flagging for review" and "re-opening, examining, and re-sealing" packages; and systematic pattern across multiple orders demonstrating policy rather than error.

16. The email specifically informed CEO Jassy that **"federal agents are using counterfeit Amazon materials to repackage customer orders after inspection"** and that this represented both a customer privacy violation and a

supply chain security failure affecting all customers.

**17.** The email requested Jassy's response within 24 hours given the severity of FBI infiltration into Amazon's supply chain.

**18.** The email was delivered successfully and opened—delivery receipt confirmed receipt, and the email was accessed multiple times from Amazon corporate network IP addresses, indicating review by Jassy or his executive staff.

**19.** CEO Jassy was specifically informed of: FBI agents infiltrating Amazon facilities; federal agents using counterfeit Amazon packaging materials; systematic surveillance of customer packages; customer service admission of "flagging" and "re-opening" packages; and coordination between Amazon's systems and federal surveillance operations.

**20.** **This was not a vague complaint about service quality or a random security concern.** This was direct notification that FBI agents had infiltrated Amazon's supply chain and were using counterfeit Amazon materials to conduct surveillance on customers. Any CEO receiving such notification would immediately investigate, contact federal authorities, notify law enforcement about supply chain infiltration, implement security measures, and respond to the customer.

**21.** **CEO Jassy never responded**—not within 24 hours, not ever. After being personally notified that FBI agents infiltrated Amazon's supply chain, the CEO chose complete silence rather than investigation, response, or action to protect customers.

### *Level 7: Investor Relations*

**22.** On October 31, Plaintiff emailed Investor Relations with subject "Urgent Security Breach - Systematic Package Tampering & Surveillance Operations," describing "counterfeit Amazon boxes" as "material risk to shareholder value" with "potential SEC disclosure obligations." Investor Relations never responded.

### *Pattern Analysis*

**23.** The seven-level pattern demonstrates: (a) front-line deception through broken promises; (b) mid-level selective response addressing only explainable evidence; (c) executive silence when confronted with specific allegations; (d) corporate-wide coordination; and (e) systematic policy rather than isolated error.

**24.** CEO Jassy's deliberate silence after direct notification of FBI infiltration constitutes ratification at the highest executive level and transforms Amazon's conduct from potential negligence into knowing corporate policy.

### IV. Amazon's Choice Not to Fight NSLs

**25.** Companies like Apple, Google, Microsoft, Cloudflare, and Twitter actively challenge NSL gag orders in federal court. Amazon has no public record of challenging NSL authority. Even if Amazon received NSLs, it could have used reciprocal notice procedures, challenged gag orders as unconstitutional, or joined amicus briefs. Amazon chose to do none of these—a corporate policy choice prioritizing cooperation over customer privacy.

## CAUSES OF ACTION

### COUNT I: FOURTH AMENDMENT VIOLATION

*(42 U.S.C. § 1983 Against Amazon & Jassy; Bivens Against John Does)*

**26.** Sealed packages have the highest Fourth Amendment protection. Physical inspection requires a warrant based on probable cause. Amazon admitted "flagging for review" and "re-opening, examining, and re-sealing" Plaintiff's packages without warrants or probable cause.

**27.** Amazon and Jassy acted as state actors by: voluntarily cooperating with surveillance; providing federal agents access to facilities; flagging Plaintiff's account; opening packages at agents' direction; using counterfeit packaging to facilitate surveillance; and becoming entwined with government action through CEO Jassy's ratification via deliberate silence.

### COUNT II: FIRST AMENDMENT RETALIATION

*(§ 1983 Against Amazon & Jassy; Bivens Against John Does)*

**28.** Surveillance began within days of Plaintiff's FOIA request and continued after filing federal litigation. The temporal proximity, combined with absence of legitimate explanation, establishes retaliatory motive violating Plaintiff's right to petition government.

### COUNT III: NEGLIGENCE

*(State Law Against Amazon & Jassy)*

**29.** Amazon owed duties to maintain supply chain security, prevent infiltration, investigate complaints, and notify customers of breaches. Amazon breached these by allowing infiltration, failing to investigate after seven escalations, and allowing counterfeit packaging into its supply chain. CEO Jassy breached fiduciary duty by ignoring direct notification of infiltration.

**COUNT IV: INVASION OF PRIVACY**

*(State Law Against All Defendants)*

**30.** Defendants intentionally intruded upon Plaintiff's reasonable expectation of privacy by opening sealed packages, inspecting contents, using counterfeit packaging, and monitoring transactions. Amazon's seven-level obstruction demonstrates knowing invasion. CEO Jassy's silence after notification constitutes ratification.

**COUNT V: TRADEMARK COUNTERFEITING**

*(15 U.S.C. §§ 1114, 1125 Against Amazon & John Does)*

**31.** Counterfeit Amazon packaging (stamped logos, non-standard boxes, improper tape) appeared in Plaintiff's deliveries. John Does introduced counterfeit materials to facilitate repackaging. Amazon is liable for failing to prevent infiltration and failing to investigate after being notified through seven escalations. Plaintiff seeks $1,000-$200,000 per violation, trebled for willful violations.

**COUNT VI: ECPA VIOLATIONS**

*(18 U.S.C. § 2712 Against All Defendants)*

32. Defendants intercepted Plaintiff's electronic communications by monitoring order history, flagging packages, and using logistics data to facilitate surveillance —all without warrant or lawful authority. Plaintiff seeks statutory minimum $10,000 plus actual and punitive damages.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(State Law Against All Defendants)*

33. Defendants engaged in extreme and outrageous conduct: systematic surveillance, package tampering, counterfeit packaging, seven-level obstruction, and CEO's deliberate silence after notification. This conduct was intentional and reckless, causing Plaintiff severe emotional distress including anxiety, loss of security, and inability to conduct private transactions.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

## A. Declaratory Relief

1. Declare Defendants violated Fourth and First Amendments through warrantless surveillance in retaliation for FOIA request;

2. Declare Amazon and Jassy acted as state actors through voluntary cooperation with federal surveillance;

3. Declare CEO Jassy's silence after notification of FBI infiltration constitutes ratification at highest corporate level;

## B. Injunctive Relief

4. Order Amazon to cease all special handling of Plaintiff's account, remove flags, and disclose all government requests;

5. Order Amazon to implement policies for challenging government surveillance requests (like Apple, Google, Microsoft, Cloudflare);

6. **Order that any Amazon employees who were terminated, disciplined, or retaliated against for refusing to participate in surveillance operations or for reporting concerns about government infiltration of Amazon's supply chain be immediately reinstated to their former positions with full seniority, all backpay and benefits from date of termination or discipline to date of reinstatement, full restoration of pension and retirement benefits, and without any adverse action, negative performance review, or repercussion of any kind;**

## C. Compensatory Damages

7. Award statutory damages: $10,000 under ECPA; $1,000-$200,000 per trademark violation (trebled for willfulness);

8. Award damages for Fourth Amendment violations, First Amendment retaliation, negligence, invasion of privacy, and intentional infliction of emotional distress;

### D. Punitive Damages

9. Award punitive damages sufficient to: punish willful conduct; punish CEO Jassy personally for deliberate silence after notification; punish Amazon's corporate choice to cooperate rather than fight for customer privacy; and deter similar conduct;

### E. Attorney's Fees & Costs

10. Award fees and costs under 42 U.S.C. § 1988, 18 U.S.C. § 2712, and 15 U.S.C. § 1117;

### F. General Relief

11. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff demands trial by jury on all claims.**

## JURY DEMAND

**Plaintiff demands trial by jury on all claims.**

Dated: November 12, 2025

Respectfully submitted,

*/s/ Andrew Smigelski*

**Andrew Mark Smigelski**

**Pro Se** Plaintiff

1015 Bryan Road

Sugar Grove, Ohio 43155

Phone: (614) 607-1230

Email: smigelski.andy@gmail.com

## VERIFICATION

I, Andrew Mark Smigelski, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Complaint and that the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

I further declare that I am personally familiar with the facts set forth in this Complaint and am competent to testify to them if called upon to do so.

Executed this 12th day of November, 2025

at Sugar Grove, Ohio.

_____
**Andrew Mark Smigelski**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2025, I caused true and correct copies of the foregoing Complaint and Emergency Motion for Preservation Order to be served upon the following parties by the methods indicated:

**Via Certified Mail, Return Receipt Requested:**

**Amazon.com, Inc.**
Corporation Service Company
c/o Registered Agent
410 Terry Avenue North
Seattle, WA 98109

**Amazon.com, Inc.**
Attn: General Counsel's Office
410 Terry Avenue North
Seattle, WA 98109

**Andrew Jassy, individually**
c/o Amazon.com, Inc.
Attn: General Counsel's Office
410 Terry Avenue North
Seattle, WA 98109

**United States Attorney's Office**
Southern District of Ohio
Joseph H. Stivers Courthouse
85 Marconi Boulevard, Room 220
Columbus, OH 43215
Attn: Civil Process Clerk

**Attorney General of the United States**
U.S. Department of Justice