Case No. 2:25-cv-1342

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| ANDREW SMIGELSKI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case No. 2:25-cv-1342 |
| v. | ) |
| | ) Judge Edmund A. Sargus |
| | ) Magistrate Judge Kimberly A. Jolson |
| AMAZON.COM, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**
**(Doc. 7)**

Plaintiff Andrew Smigelski respectfully submits this Response to the Court's December 4, 2025 Order to Show Cause (Doc. 7) and demonstrates that his Complaint is neither frivolous under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), nor fails to state a claim under 42 U.S.C. § 1983.

**I. PLAINTIFF'S CLAIMS ARE SUPPORTED BY DOCUMENTED EVIDENCE, NOT MERE ALLEGATION**

This Court's initial impression that Plaintiff's allegations appear "fanciful" and "totally implausible" is understandable given the extraordinary nature of the claims. However, unlike the typical *Apple v. Glenn* case involving delusional or unsubstantiated conspiracy theories, Plaintiff's claims rest on **official government documents containing physical impossibilities** that prove database manipulation—not speculation.

**A. The "Smoking Gun": An Impossible Database Entry**

1

The centerpiece of Plaintiff's evidence is an official USPS Tracking Plus™ Statement for package 9405508105462933511036. This document, obtained directly from USPS systems and attached to the Complaint as an exhibit, contains the following entry:

> **Date & Time:** Apr 01, 2025 12:00 am
> **Status of Item:** DELAY FOR POSTAGE ASSESSMENT / ITEM IN TRANSIT TO DESTINATION
> **Location:** WASHINGTON, DC 20260

The same USPS document shows that this package's shipping label was not created until **June 11, 2025 at 7:38 PM**, and USPS did not accept the package until **June 12, 2025 at 9:40 AM**.

**This April 1, 2025 entry is physically impossible.** A package cannot have a tracking event 71 days before the package exists. USPS tracking systems cannot generate entries for packages that have not been created. The only explanation is that **someone with database access manually entered a false "postage assessment" delay** and made an error typing the date—thereby exposing the surveillance mechanism.

This is not speculation or paranoid delusion. It is a *mathematical impossibility documented in official government records*. The Court can verify this by examining the attached exhibit. When an official document contains an entry that violates the laws of physics and chronology, the document itself proves manipulation—regardless of how implausible such manipulation might seem in the abstract.

**B. Amazon's Own Admissions Corroborate Package Inspection**

Amazon's Executive Customer Relations department provided written responses (attached as exhibits) that further substantiate Plaintiff's claims. Regarding package TBA324431410723, Amazon stated:

> *"This shipment was flagged for review after completing the packing stage, when this happens, it goes through an additional audit, in which it is re-opened, examined and reviewed and re-seal."*

Amazon thus **admits** that Plaintiff's package was "flagged," "re-opened," and "examined"—but provides no explanation for *why* this particular package was flagged. This admission transforms Plaintiff's allegation of package inspection from speculation into documented fact.

### C. Temporal Proximity to Protected First Amendment Activity

The timing of these events is not coincidental:

- **June 16, 2025:** FBI issues FOIA response to Plaintiff ("no records" response)
- **June 20, 2025:** First documented package surveillance begins (*4 days later*)
- **July 3, 2025:** USPS tracking shows "MISSING MAIL SEARCH REQUEST INITIATED"

The Sixth Circuit has recognized that temporal proximity can establish retaliatory motive. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (temporal proximity is "significant enough to constitute indirect evidence of a causal connection"). Four days between protected activity and adverse action is precisely the type of timing that supports an inference of retaliation.

### D. The Apple v. Glenn Standard Does Not Require Dismissal

*Apple v. Glenn* permits dismissal only when allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d at 479. The standard targets complaints asserting fantastical claims without any evidentiary support—such as allegations of mind control, alien interference, or other physically impossible phenomena unsupported by documentation.

Here, Plaintiff presents the opposite: **official government documents that themselves contain physical impossibilities proving manipulation**. The impossibility is not in Plaintiff's theory—it is in USPS's own database entry. When the government's own records contain impossible data, the Court cannot dismiss claims based on those records as "implausible." The records prove their own manipulation.

## II. AMAZON AND JASSY CAN BE HELD LIABLE UNDER § 1983 AS JOINT ACTORS WITH THE STATE

The Court correctly notes that § 1983 requires action "under color of state law." However, the Supreme Court has long held that **private parties can be state actors** when they are "willful participant[s] in joint activity with the State or its agents."

### A. The Joint Action Doctrine Under Lugar v. Edmondson Oil Co.

In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), the Supreme Court established that a private party acts under color of state law when jointly participating with state officials in constitutional deprivations:

> "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."
>
> *Lugar*, 457 U.S. at 941 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

### B. Plaintiff's Complaint Adequately Alleges Joint Action

The Complaint alleges that Amazon and Jassy acted under color of state law by:

1. Cooperating with FBI surveillance operations targeting Plaintiff's packages;

2. Flagging Plaintiff's packages for "review" at the direction of or in coordination with federal law enforcement;

4

  3. Opening and inspecting packages at federal agents' direction or with their knowledge and approval;

  4. Becoming "so entwined with FBI surveillance operations that Amazon's actions are fairly attributable to the state." (Complaint ¶ 162)

These allegations satisfy *Lugar*'s joint action test. Amazon's admitted "flagging" and opening of Plaintiff's packages—combined with the documented FBI interest in Plaintiff (evidenced by the FOIA request and immediate subsequent surveillance)—plausibly alleges that Amazon was a "willful participant in joint activity with the State."

**C. Discovery Will Reveal the Extent of Government-Corporate Coordination**

At this stage, Plaintiff cannot know the precise mechanisms of FBI-Amazon coordination—that information is in Defendants' exclusive possession. The Federal Rules require only that Plaintiff's allegations be plausible, not proven. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Discovery will reveal communications between Amazon and FBI, any National Security Letters or other directives, and the internal Amazon processes that led to Plaintiff's packages being "flagged" for inspection immediately after his FOIA activity.

**D. Alternative: The § 1983 Claims May Be Dismissed Without Prejudice While Preserving Other Claims**

Should the Court remain unconvinced regarding state action, Plaintiff notes that the § 1983 claims against Amazon represent only a portion of the Complaint. The following claims against Amazon **do not require state action** and should proceed regardless:

  • Electronic Communications Privacy Act, 18 U.S.C. § 2511 (private parties liable)

  • State tort claims (invasion of privacy, intentional infliction of emotional distress)

• Breach of implied contract/privacy policies

### III. CONCLUSION

Plaintiff's claims are not the product of paranoid delusion—they are supported by **official documents containing physical impossibilities that prove their own manipulation**. When USPS records show an April 1 entry for a package created June 11, no amount of skepticism about "surveillance" changes the mathematical impossibility. The document proves what Plaintiff alleges.

Plaintiff respectfully requests that the Court permit this case to proceed and allow discovery to reveal the full scope of the documented misconduct. Alternatively, should the Court dismiss any claims, Plaintiff requests leave to amend to cure any deficiencies.

Respectfully submitted,

/s/ Andrew Smigelski
Andrew Smigelski, Pro Se
Email: smigelski.andy@gmail.com
Phone: 614-607-1230
Date: December 16, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. As Defendants have not yet been served, no service is required at this time.

/s/ Andrew Smigelski
Andrew Smigelski, Pro Se