**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

|  |  |
|---|---|
| ANDREW SMIGELSKI, | Case No. 2:25-cv-1342 |
|     Plaintiff, | |
| | Judge Edmund A. Sargus |
| v. | Magistrate Judge Kimberly A. |
| | Jolson |
| AMAZON.COM INC, et al., | |
|     Defendants. | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS
## TO REPORT AND RECOMMENDATION
## AND
## NOTICE OF DEFENDANT'S COUNSEL NON-RESPONSE
## TO NATIONAL SECURITY LETTER INQUIRY

Plaintiff Andrew Smigelski, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for an extension of time to file objections to the Magistrate Judge's Report and Recommendation (Doc. 11), and simultaneously provides notice to the Court regarding the non-response of Defendant Amazon.com Inc.'s counsel to a material inquiry. In support thereof, Plaintiff states as follows:

## I. MOTION FOR EXTENSION OF TIME

### A. PROCEDURAL BACKGROUND

**1.** On January 15, 2026, Magistrate Judge Jolson issued a Report and Recommendation (Doc. 11) recommending dismissal of Plaintiff's Complaint

as frivolous.

**2.** Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), objections to the Report and Recommendation are due within fourteen (14) days, making the current deadline January 29, 2026.

**3.** Plaintiff requests an extension of fourteen (14) additional days, making the new deadline February 12, 2026.

## B. GOOD CAUSE FOR EXTENSION

**4.** **Pending Third-Party Inquiry:** As detailed in Part II below, Plaintiff made a formal inquiry to Defendant Amazon's counsel on January 22, 2026, requesting confirmation of whether counsel has received a National Security Letter related to this matter. Counsel has not responded. An additional period would allow time for a response that may materially impact Plaintiff's objections.

**5.** **Evidentiary Compilation:** The Report and Recommendation states that Plaintiff has provided "very little factual support beyond his own conclusory allegations." (Doc. 11 at 4). Plaintiff possesses substantial documentary evidence including USPS tracking records with anomalous database entries, photographic evidence, and correspondence with multiple federal agencies. Additional time is needed to properly compile and present this evidence in a format suitable for the Court's consideration.

**6.** **Related Litigation:** Plaintiff has a related pending case, Case No. 2:25-cv-01013 (Smigelski v. FBI, et al.), involving overlapping factual allegations. Coordination of filings across these related matters requires additional preparation time.

**7.** **Pro Se Status:** Plaintiff is proceeding without counsel and is currently residing outside the United States for safety reasons related to the conduct alleged in this litigation. These circumstances create logistical challenges that warrant a brief extension.

**8.** **No Prejudice to Defendants:** Defendants have not yet been served in this matter. A fourteen-day extension will cause no prejudice to any party

and will not delay the ultimate resolution of this case.

**9.    First Request:** This is Plaintiff's first request for an extension of time in this matter.

## II. NOTICE OF COUNSEL NON-RESPONSE TO NSL INQUIRY

### A. FACTUAL BACKGROUND

**10.**    Davis Wright Tremaine LLP ("DWT") represents Defendant Amazon.com Inc. in settlement discussions related to this matter and the related Case No. 2:25-cv-01013.

**11.**    On January 18, 2026, Plaintiff sent correspondence to DWT via email (DemandsAdmin7@dwt.com) providing an update on this case and attaching the Magistrate Judge's Report and Recommendation. A true and correct copy of this correspondence is attached hereto as **Exhibit A**.

**12.**    On January 22, 2026, Plaintiff sent a follow-up correspondence to the same DWT email address making a formal request for DWT to confirm whether they have received a National Security Letter related to this case. Plaintiff stated: "They have been issuing false NSL's in this case left and right. If you are able, please clarify that you have not received one." This correspondence is also included in **Exhibit A**.

**13.**    As of the date of this filing, five (5) days have elapsed since Plaintiff's formal inquiry. DWT has provided no response whatsoever—neither confirming nor denying receipt of any National Security Letter.

### B. SIGNIFICANCE OF NON-RESPONSE

**14.**    Plaintiff notes for the record that if DWT had **not** received a National Security Letter, a simple denial would cost nothing, create no liability, and would affirmatively assist their client's position by undermining Plaintiff's theory of government coordination with private actors.

**15.** A recipient of a National Security Letter is prohibited by 18 U.S.C. § 2709(c) from disclosing that they received one. This statutory gag provision would legally prevent DWT from **confirming** receipt of an NSL. However, the statute would **not** prevent DWT from **denying** receipt if no NSL was in fact issued.

**16.** The fact that DWT chose silence in response to an inquiry that would have been trivially easy to deny—if denial were truthful—is notable and relevant to the Court's consideration of the plausibility of Plaintiff's claims.

**17.** Plaintiff **does** ask this Court to draw the reasonable inference from DWT's silence: that Amazon's counsel has likely received a National Security Letter or similar compulsory process related to this matter, and is legally prohibited from confirming its existence. When given a direct and simple opportunity to deny receipt of a National Security Letter—a denial that would cost nothing and help their client—Amazon's counsel chose silence. That silence speaks.

## C. RELEVANCE TO PENDING REPORT AND RECOMMENDATION

**18.** The Report and Recommendation characterizes Plaintiff's claims as "frivolous" and states that Plaintiff "has alleged no facts which allow the Undersigned to reasonably infer that the FBI has 'infiltrated' the Amazon supply chain." (Doc. 11 at 4).

**19.** Plaintiff's claims rest in part on the theory that federal authorities have used National Security Letters or similar compulsory process to enlist private actors' participation in surveillance activities directed at Plaintiff, or to compel their silence and inaction when Plaintiff reported evidence of tampering.

**20.** DWT's non-response bears the same indicia of NSL involvement that Plaintiff has observed across multiple independent actors in this matter:

- Between ten and twelve members of Congress whom Plaintiff contacted regarding these issues, all of whom went silent or provided non-substantive responses;

- Amazon's own Executive Customer Relations ("ECR") department, which engaged with Plaintiff's detailed tampering complaints and then abruptly ceased communication;
- Certain judges or their clerks in related proceedings, whose handling of Plaintiff's filings has exhibited unexplained procedural anomalies and delays;
- And now, opposing counsel at a major law firm, who cannot bring themselves to issue a simple denial.

21.    The pattern is consistent: when Plaintiff makes contact and presents evidence, the recipient initially engages—then goes silent in a manner inconsistent with normal institutional behavior but entirely consistent with receipt of a gag order. This pattern, repeated across Congress, corporations, counsel, and potentially the judiciary itself, suggests a coordinated silencing operation that extends to anyone who might otherwise assist Plaintiff or expose the underlying surveillance.

22.    Plaintiff respectfully submits that if federal authorities are issuing National Security Letters to silence judges, congressional offices, and officers of the court, this represents a constitutional crisis that this Court has both the authority and the duty to address.

23.    Moreover, Plaintiff asserts that any National Security Letters issued in connection with this matter are **materially false**. Plaintiff is not a terrorist. Plaintiff is not a foreign agent. Plaintiff is not engaged in any activity that would legitimately trigger national security concerns. Plaintiff is a United States citizen who filed a Freedom of Information Act request and attempted to file an affidavit reporting child sexual abuse—acts of petitioning his government that are protected by the First Amendment and, in the case of the latter, a moral and civic duty. The issuance of NSLs to silence those who might assist Plaintiff, based on false representations that Plaintiff poses some national security threat, constitutes fraud upon every recipient of such letters and obstruction of justice in every proceeding affected by them.

24.    The FBI cannot lawfully use National Security Letters to suppress

evidence of its own misconduct. If agents have falsely certified to courts, corporations, and members of Congress that Plaintiff presents a national security concern warranting gag orders, those agents have committed federal crimes including but not limited to 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1503 (obstruction of justice), and 18 U.S.C. § 241 (conspiracy against rights).

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff an extension of fourteen (14) days, to and including February 12, 2026, to file objections to the Report and Recommendation (Doc. 11);

B. Take judicial notice of DWT's non-response to Plaintiff's January 22, 2026 inquiry regarding National Security Letters;

C. Consider DWT's non-response as circumstantial evidence relevant to the plausibility analysis under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007);

D. Grant such other relief as the Court deems just and proper.


Respectfully submitted,


_____

Andrew Smigelski, Pro Se

Date: January 27, 2026

## MEMORANDUM IN SUPPORT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time... with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

Courts routinely grant extensions of time to file objections to reports and recommendations when good cause is shown. *See, e.g., Bowers v. Warden, S. Ohio Corr. Facility*, No. 2:19-cv-5621, 2020 WL 4260973, at *1 (S.D. Ohio July 24, 2020) (granting extension for objections). The decision to grant or deny an extension is within the Court's discretion. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Here, good cause exists because: (1) Plaintiff has made a formal inquiry to opposing counsel that may yield information material to his objections; (2) Plaintiff needs additional time to compile documentary evidence responsive to the Magistrate Judge's finding of insufficient factual support; (3) this is Plaintiff's first request for extension; and (4) no prejudice will result to any party.

Additionally, the Court should consider the significance of counsel's non-response to Plaintiff's NSL inquiry. While Plaintiff does not ask the Court to presume that an NSL was issued, the asymmetry of the situation is notable: silence serves no purpose if the answer is "no," but silence is legally compelled if the answer is "yes." This circumstantial evidence, properly considered alongside the documentary evidence Plaintiff will present, supports the plausibility of Plaintiff's claims.

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, a copy of the foregoing Motion for Extension of Time to File Objections to Report and Recommendation and Notice of Defendant's Counsel Non-Response to National Security Letter Inquiry was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

_____

Andrew Smigelski, Pro Se

# EXHIBIT A

**Email Correspondence Between Plaintiff and Davis Wright Tremaine
LLP**

January 18, 2026 and January 22, 2026

*[Attach printed copy of Gmail correspondence]*