UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

      Plaintiff,

      v.

AMAZON.COM INC, *et al.*,

      Defendants.

                           Case Number 2:25-cv-1342
                           Judge Edmund A. Sargus, Jr.
                           Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 15, 2026. (ECF No. 11.) After reviewing Plaintiff Andrew Smigelski's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that Plaintiff's Complaint be dismissed. (ECF No. 11, PageID 74.)

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit in November 2025 against Defendants Amazon.com, Inc. ("Amazon"), Amazon's Chief Executive Officer Andy Jassy, and unidentified John Doe "FBI agents or federal contractors." (ECF Nos. 1, 1-1.) According to the Complaint, Plaintiff filed a Freedom of Information Act ("FOIA") request with the Federal Bureau of Investigation in September 2024 and "within days" his Amazon packages showed signs of "tampering." (ECF No. 8, PageID 50–51.) Plaintiff alleges that he contacted various customer service teams and Defendant Jassy to complain, but "Amazon never investigated." (*Id*. PageID 51–55.) Plaintiff also alleges that Amazon told him one of his packages was flagged for reopening, examining, and resealing. (*Id*.) To sum, Plaintiff believes that, because of his FOIA request, Amazon and federal agents are working together to monitor him and open his packages. (*See generally id.*)

Plaintiff brings federal claims for violation of his First and Fourth Amendment rights, violation of 15 U.S.C. §§ 1114 and 1125 for "trademark counterfeiting," and violation of the Electronic Communications Privacy Act under 18 U.S.C. § 2712. (ECF No. 8, PageID 56–58.) He also asserts state-law claims for negligence, invasion of privacy, and intentional infliction of emotional distress. (*Id.*) Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (*Id.* PageID 59–60.)

Earlier in this case, the Magistrate Judge provided Plaintiff with an opportunity to explain why his claims should not be dismissed as frivolous. (ECF No. 7.) Plaintiff filed his response (ECF No. 10), and the Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 11).

The Magistrate Judge recommends that Plaintiff's Complaint be dismissed because his claims as pled are frivolous. (*Id.* PageID 77.) The Magistrate Judge explained that Plaintiff premises his claims on several allegations he says are connected—a FOIA request, the appearance or timing of his Amazon packages, and customer service interactions—but the connection between these events is too attenuated to state a claim. (*Id.*) Plaintiff provides little factual support for his claims beyond his own conclusory allegations. (*Id.*) As such, the Magistrate Judge concluded that this case may be dismissed as "attenuated, unsubstantial, frivolous, [or] devoid of merit" under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), and, even if *Apple* does not apply, the Court may dismiss Plaintiff's frivolous claims under 28 U.S.C. § 1915(e)(2). (ECF No. 11, PageID 77.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by

rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in the report and recommendation. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the Report and Recommendation and of the consequences of failing to do so. (ECF No. 11, PageID 78–79.) Within the timeframe to object, Plaintiff moved for an extension of time. (ECF No. 12.) The Court extended the deadline for Plaintiff to file an objection to February 12, 2026. (ECF No. 13.) The Court also noted that Plaintiff's Motion for Extension of Time included additional requests and denied those without prejudice, explaining that they "are more appropriately raised in an objection."[1] (*Id.*) The extended February 12, 2026 deadline has passed, and Plaintiff did not file an objection to the Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** (ECF No. 11) the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Plaintiff Andrew Smigelski's Complaint.

---

[1] These requests are for the Court to (1) take judicial notice of a law firm's lack of response to Plaintiff's inquiry about National Security Letters (Plaintiff claims the law firm represents Amazon.com Inc) and (2) consider this lack of response as circumstantial evidence relevant to the plausibility analysis. (ECF No. 12, PageID 85.) Even if the Court were to consider these aspects of Plaintiff's Motion for Extension of Time as an Objection to the Magistrate Judge's Report and Recommendation, though, the Court would reach the same conclusion: Plaintiff's Complaint should be dismissed as frivolous. Plaintiff's Motion for Extension of Time fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion, and the Court adopts the Report and Recommendation in full.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Order to Plaintiff Andrew Smigelski at 1015 Bryan Road, Sugar Grove, Ohio 43155.

**IT IS SO ORDERED.**

**4/29/2026**       **s/Edmund A. Sargus, Jr.**
**DATE**          **EDMUND A. SARGUS, JR.**
            **UNITED STATES DISTRICT JUDGE**